# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> DARRELL WASHINGTON, <br><br> Defendant. | **ORDER AND MEMORANDUM DECISION** <br><br> Case No. 1:17-cr-0084-DB <br><br> District Judge Dee Benson |

Before the court is Defendant Darrell Washington's motion to compel the government to produce background and other identifying information about the confidential informant (CI) used in this case (Dkt. No. 87), which the government has declined to produce without a court order. Defendant argues that the CI in this case is "the only material witness who can testify about critical facts about his interactions with Mr. Washington as charged in Counts 5 and 6" because "he was the only testifying witness present" when those interactions took place. Accordingly, the CI's background/identifying information is both required under *Brady v. Maryland*, 373 U.S. 83 (1963) and necessary to protect the Defendant's right to confront the witnesses against him at trial. (Dkt. Nos. 87, 99.) The government in its opposition asks the court to deny Defendant's motion to disclose the CI's "name/identifying information to Defendant" because of "the actual threat to the cooperating witness's safety." (Dkt. No. 91.)

"[T]he informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair

determination of a cause, the privilege must give way." *Id.* at 60. Resolving this issue requires the court to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. While the Confrontation Clause "ensures the defendant the opportunity to engage in effective cross examination of the witnesses against him, . . . it does not include the power to require the disclosure of any and all information that might be useful in contradicting unfavorable testimony." *Tapia v. Tansy*, 926 F.2d 1554, 1559 (10th Cir. 1991).

The government provides compelling arguments regarding the serious risk that disclosing this identifying information to Defendant poses to the CI's safety. The court finds the following arguments particularly persuasive regarding the threat to the CI's safety: 1) Defendant has a reputation for violence and threats of violence among law enforcement; 2) Disclosure of the CI's name and identifying information to Defendant would likely result in disclosure of that information to other defendants and associates of Defendant because they are housed together; 3) Those defendants have apparently been involved in "shootings and other violent acts"; 4) The CI and his family are from this area; and 5) ATF has already had to move the CI twice during the pendency of this case for safety concerns. (Dkt. No. 91 at 5-6.)

The government further argues that if it provides Defendant with "sufficient background information on the anonymous witness (e.g., criminal history, nationality, etc.), then withholding the witness's name or address does not necessarily deprive the defendant of the opportunity for effective cross-examination . . . ." (Dkt. No. 91 at 7.) Defendant persuasively responds by citing the recent *Berry* case (a companion case involving the same CI as this case), which held that while such background information "may be sufficient to permit an adequate cross-examination," disclosure of the CI's name and address to counsel was necessary because it

"could reveal additional background information." Dkt. No. 99 at 3-4; *United States v. Berry*, No. 1:17-CR-00086-TC, 2018 WL 4327917, at *2 (D. Utah Sept. 10, 2018). Accordingly, Judge Campbell in that case issued an Order and Memorandum Decision requiring the government to "produce the confidential informant's name and identifying information to counsel for Mr. Berry." (*Id.* at *3). Defendant also persuasively contends that "a protective order like the one Judge Campbell issued strikes the appropriate balance between Mr. Washington's right to have this information and the government's interest in protecting its witness." (Dkt. No. 99 at 4.) Defendant has no objection to the court directing the government to provide this information to counsel pursuant to a protective order prohibiting further disclosure to the client, as in *Berry*. (*See id.* at 1.)

The court finds that the ruling in *Berry* issued by Judge Campbell is directly applicable to Defendant's motion before the court, and the court hereby adopts and incorporates the reasoning set forth therein to reach the same outcome.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the government must disclose the CI's name and identifying information to Mr. Washington's defense counsel, but not to others.

IT IS FURTHER ORDERED that counsel for Mr. Washington must keep the CI's identity and address confidential. This protective order prohibits defense counsel from disclosing this information to the defendant Mr. Washington or other third parties. Counsel may only share the CI's name and identifying information with investigators, and must ensure that those investigators also keep the CI's identity and identifying information confidential.

Signed February 4, 2019.

BY THE COURT

_____
District Judge Dee Benson