IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL WASHINGTON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO § 3582(C)(2)<br><br>Case No. 1:17-cr-00084-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant Darrell Washington's pro se Motion to Modify Sentence Pursuant to 3582(C)(2),[1] and the United States' Opposition and Request for the Motion to Be Construed as a Motion Under 28 U.S.C. § 2255 (Response).[2] For the reasons discussed below, Washington's Motion is DISMISSED FOR LACK OF JURISDICTION, and the court declines the United States' request.

## BACKGROUND

On December 13, 2017, Washington was charged with various drug possession, distribution, and firearm charges.[3] At the time of his arrest, Washington was serving a 60-month supervised release term from a 2004 conviction (Supervision Violation) for drug possession and distribution, as well as possession of ammunition charges.[4] Washington pleaded guilty to the

---

[1] *Motion to Reduce Sentence* (Dkt 316); 18 U.S.C. § 3582(c)(2) (authorizing courts to reduce sentences which are "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

[2] *Government's Opposition and Response* (Dkt 317).

[3] *Presentence Investigation Report and Violation Report* (Dkt 306) at 5.

[4] Dkt 306 at 9–10 (noting the court amended Washington's 2004 sentence on November 30, 2016, to a reduced term of imprisonment and 60 months of supervised release).

1

2017 drug distribution charge on January 13, 2023 (Instant Offense).[5] Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a sentence of 96 months for the Instant Offense and a consecutive sentence of 30 months for the Supervision Violation.[6]

However, the subsequent Presentence Investigation Report (PSR) determined the appropriate imprisonment guideline range for the Instant Offense was 70 to 87 months[7] with a consecutive sentence of 51 to 63 months for the Supervision Violation.[8] Because the guideline-recommended sentence was lower than anticipated, at Washington's sentencing hearing on March 22, 2023, the government recommended a different sentence falling within the range specified in the PSR.[9] The judge agreed that the recommendation was appropriate, rejected the obsolete plea agreement, and sentenced Washington to 84 months for the Instant Offense and a consecutive 30 months for the Supervision Violation.[10]

Washington filed the present Motion on April 25, 2023.[11] Washington argues several facts warrant a reduction under 18 U.S.C. § 3582(C)(2). First, Washington argues a reduction is warranted because the PSR allegedly recommended a lower sentence than the sentence imposed.[12] Next, Washington argues his sentence should be reduced to align with the United

---

[5] *Id.* at 5 (referencing Case No. 1:17-cr-00084-RJS as Instant Offense).

[6] *Id.* at 26 (referencing Case No.1:02-cr-00034-RJS for Supervision Violation); Fed. R. Crim. P. 11(c)(1)(C) (stating that an attorney for the government will "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply").

[7] Dkt. 306 at 25.

[8] *Id.* at 28.

[9] Audio File: Sentencing for Darrell Washington, at 01:40 (Mar. 22, 2023) (on file with U.S. District Court for the District of Utah).

[10] *Id.* at 26:29; *see also* Dkt. 320 at 4.

[11] Dkt 316.

[12] *Id.* at 3–4.

States Attorney General's recent pronouncements encouraging less punitive sentencing.[13] In support, Washington filed an incomplete memorandum from the Office of the Attorney General stating that a "Section 851 enhancement should not be filed simply to exert leverage" (Exhibit B),[14] and an article from the Brennan Center for Justice entitled "Garland Takes on Mandatory Minimums" (Exhibit C).[15]

Finally, Washington asserts his sentence should be reduced due to improper behavior from both his counsel and the prosecutor. According to Washington, he was "misinformed" of the recommended sentencing guidelines in the PSR and "his plea agreement was accomplished and done in BAD FAITH."[16] He filed a copy of the Supervision Violation sentencing guidelines from the PSR (Exhibit A), in support of this argument.[17] Washington also claims he was "rushed by his counsel" and that the government told him 21 U.S.C. § 851 was "on stand by" to "exert leverage to induce the plea deal."[18]

In Response, the government urges the court to deny the Motion as improper under § 3582 and instead construe it as a request to vacate or set aside the sentence under 28 U.S.C. § 2255.[19] As to § 3582, the government first argues subsection (c)(2) is inapplicable because Washington's sentence fell within the appropriate sentencing range which has not been subsequently lowered by the Sentencing Commission.[20] The Government argues subsection

---

[13] *Id.* at 4, 6.

[14] *Exhibit B* (Dkt. 316-2) (excluding page two of the memorandum).

[15] *Exhibit C* (Dkt. 316-3).

[16] *Id.* at 3.

[17] *Exhibit A* (Dkt. 316-1); *cf.* Dkt 306 at 25 (stating guideline provisions for the Instant Offense).

[18] Dkt 316 at 5; 21 U.S.C. § 851 (indicating the proceedings to establish prior convictions).

[19] Dkt 317 at 1; 28 U.S.C. § 2255 (stating the court may vacate, set aside, or correct an improper sentence).

[20] Dkt 317 at 5.

(c)(1) is unavailing because it imposes an administrative exhaustion requirement that has not been met.[21]

The government requests the court construe the Motion as one brought under 28 U.S.C. § 2255 and deny it on those grounds. In the government's view, Washington's arguments "fall exactly in the wheelhouse of a 2255 motion" and as such the motion cannot succeed because Washington "failed to meet his burden to require an evidentiary hearing."[22] The government further argues that Washington's "2255 motion" should be denied on the merits because the "allegations are contradicted by the record," and do not "demonstrate he is entitled to relief."[23]

The court now explains the relevant governing standards.

## LEGAL STANDARDS

Washington proceeds pro se, so the court construes his pleadings liberally.[24] However, it is not the court's role "to assume the role of advocate" on behalf of pro se litigants.[25] The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[26]

Generally, the court "may not modify a term of imprisonment once it has been imposed."[27] "However, Congress has established a few narrow exceptions to this rule of finality" and § 3582 is one.[28] 18 U.S.C. § 3582(c)(2) reads, in relevant part,

---

[21] *Id.* at 6.

[22] *Id.*

[23] *Id.* at 7.

[24] *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

[25] *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[26] *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[27] 18 U.S.C § 3582(c).

[28] *United States v. Williams*, 575 F.3d 1075, 1077 (10th Cir. 2009).

> "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

To obtain relief under this section, a defendant "must overcome three distinct hurdles."[29]  "First, under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing.  If not, the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed."[30]

Next, "under § 3582(c)(2)'s 'consistent with' clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2).[31]  Those statements and accompanying commentary appear at United States Sentencing Guidelines (U.S.S.G.) § 1B1.10."[32]  This section of the Guidelines states that a reduction may be warranted if the guideline range applicable to the defendant is lowered by amendment[33] to the Guidelines.[34]  The court is instructed to "leave all other guideline application decisions unaffected."[35]

---

[29] *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (emphasis omitted).

[30] *Id.*

[31] *Id.*

[32] *Id.*; U.S.S.G. § 1B1.10 ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range."); *see also Dillon v. United States,* 560 U.S. 817, 826 (2010) (stating that the applicable policy statement for a reduced sentence under § 3582(c)(2) is U.S.S.G. § 1B1.10).

[33] *See* U.S.S.G. § 1B1.10(d) (Covered Amendments).

[34] *See* U.S.S.G. § 1B1.10(a)(1); *see also United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022).

[35] *See* U.S.S.G. § 1B1.10(b)(1); *see also Dillon,* 560 U.S. at 827.

And finally, "the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)."[36] If a defendant satisfies each of the three requirements, he is entitled to a reduced sentence under § 3582(c)(2).

## ANALYSIS

I. **Washington Fails to Qualify for Relief under 18 U.S.C. § 3582(c)(2).**

    a. **Washington has established that his sentence is based on the Guidelines.**

The first step to reducing a sentence under 18 U.S.C. § 3582(c)(2) requires the defendant's sentence be *based on* a guideline range.[37] Here, after reviewing the PSR, the government asked the court to disregard the plea agreement and recommended a lower sentence that was compatible with the sentencing guidelines.[38] The court then reviewed and accepted that recommendation.[39] Therefore, the sentence was based on the sentencing guidelines and Washington overcomes the first hurdle.[40]

    b. **A Reduction Is Not Permissible Because the Applicable Guideline Range Has Not Been Lowered by an Amendment to the Guidelines Manual.**

At step two of the § 3582(c)(2) analysis, a defendant must show the Guidelines Manual § 1B1.10 has subsequently lowered the applicable guideline range.[41] Washington has not stated what amendment to the Guidelines Manual he believes applies to the drug charge or firearm

---

[36] *C.D.*, 848 F.3d at 1289–90; 18 U.S.C. § 3553(a) (listing "[f]actors to be considered in imposing a sentence").

[37] *C.D.*, 848 F.3d at 1289; *see also United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996).

[38] Audio File: Sentencing for Darrell Washington, at 01:40, 26:29 (Mar. 22, 2023) (on file with U.S. District Court for the District of Utah).

[39] *Id.* at 26:29.

[40] *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018) (holding that a sentence "is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement").

[41] *See id.* at 1773.

enhancement. Construed liberally, Washington asserts two bases for lowering his sentence.[42] First, at the time it was imposed, he argues the sentence was higher than that recommended by the sentencing guidelines. Second, according to Washington, the sentence is improper according to the United States Attorney General's instructions.[43] Neither of these provides a basis to reduce Washington's sentence under § 3582(c)(2).

To his first point, Washington asserts he was told the sentencing guidelines for the Instant Offense was 70 to 80 months but he later discovered the guideline range was 51 to 63 months.[44] However, the PSR includes Guideline Provisions for two separate offenses: the Instant Offense and the Supervision Violation. The PSR correctly indicates the guideline range for the Instant Offense is 70 to 87 months.[45] The PSR computed this range using the most recent Guidelines Manual and "incorporate[ed] all guideline amendments."[46] Washington has not shown the guidelines have been amended in the approximately three-and-a-half months since the PSR was calculated. Accordingly, Washington has already received all the benefits he could have received from any § 1B1.10(d) amendments.[47]

Washington's reliance on Exhibit A is misplaced because it contains a copy of the Guidelines Statement Provisions for the *Supervision Violation* rather than the Instant Offense and correctly lists the range of imprisonment for the Supervision Violation is 51 to 63 months.[48]

---

[42] Dkt 316 at 3.

[43] *Id.* at 4, 6.

[44] *Id.* at 3.

[45] Dkt 306 at 25.

[46] *Id*. at 10.

[47] *See United States v. Wallace*, No. 2:14-cr-218-CW, 2018 WL 3675246, at *2 (D. Utah Aug. 2, 2018) (stating that a person sentenced under the most current Guidelines Manual has received the benefits of all the applicable amendments).

[48] *Exhibit A; see* Dkt 306 at 28.

Therefore, Washington did not receive an improperly high sentence when entering into the plea agreement.

To his second point, Washington argues his sentence must be modified because it is inconsistent with the Attorney General's policy to reduce unnecessary incarceration.[49] He points to an internal government memo and a news article instructing prosecutors to consider downward departures for certain types of offenses and defendants.[50] This misses the mark however, as § 3582(c)(2) requires that modification to a term of imprisonment must be "consistent with policy statements issued by the *Sentencing Commission*."[51] Accordingly, policy statements from the Attorney General do not qualify.[52]

Because the guideline range applicable to Washington has not been lowered since his sentencing on March 22, 2023, he is ineligible for relief under § 3582(c)(2).[53] Therefore, the court is without jurisdiction to consider Washington's Motion.[54]

---

[49] Dkt 316 at 6.

[50] *Exhibit B*; *Exhibit C*. The internal document is a Memo from the Office of the Attorney General to all federal prosecutors concerning the relevant factors to a Section 851 enhancement. *Exhibit B*. Washington submitted the Memorandum in its entirety apart from page two, which contains key language about using Section 851 for convictions involving "possession of a weapon," "significant history of criminal activity," and "personal involvement on multiple occasions in the distribution of significant quantities of illegal drugs, or possession of illegal firearms." *Id.* However, a prosecutor's use of Section 851 is not a factor in considering a sentencing reduction under 18 U.S.C. § 3582(c)(2) so the court declines to consider these allegations any further.

[51] 18 U.S.C. § 3582(c)(2) (emphasis added).

[52] *See Price*, 44 F.4th at 1294–95 (noting that § 3582(c)(2) only allows reductions that are consistent with applicable Guideline policy statements).

[53] *See United States v. Chatman,* 359 Fed. App'x 62, 65 (10th Cir. 2010) ("[D]istrict courts cannot ignore the policy statement applicable to § 3582(c)(2) . . . and impose reduced terms of imprisonment where an amendment does not reduce the applicable guideline range.").

[54] *See United States v. Mata-Soto*, No. 22-3012, 2022 WL 2128429, at *2 (10th Cir. June 14, 2022) (concluding the district court correctly dismissed for lack of jurisdiction a § 3582(c)(2) motion because defendant did not show that an amended guideline would lower his sentence); *see also United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating that dismissal for lack of jurisdiction is the appropriate disposition of a § 3582(c)(2) motion).

### c. The Court is Without Jurisdiction to Address Washington's Other Allegations.

Washington also argues for a reduction due to alleged misconduct by his counsel and the government.[55] He claims that the Fair Sentencing Act and the First Step Act, which aim to lower the prison population, support his request for relief under § 3582(c)(2).[56] However, the court has no jurisdiction to address these arguments. Moreover, modifying a sentence under § 3582(c)(2) is a limited means of relief that applies only when an amendment to U.S.S.G. § 1B1.10(d) has the effect of lowering the defendant's applicable guideline range.[57] Claims for ineffective assistance of counsel or prosecutorial misconduct are not grounds for relief under § 3582(c)(2).[58] Likewise, Washington's references to the Fair Sentencing and First Step Acts are vague and do not appear relevant to a § 3582(c)(2) motion.

Lacking jurisdiction, the court is unable to determine the merit of these allegations and arguments, or whether they provide a basis for relief under another statute.

### II. The Court Will Not Construe the Motion as Brought under 28 U.S.C. § 2255.

The court now turns to the government's request for the "[c]ourt to construe this as a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[59] While the court construes a pro se litigant's filings liberally, it is reluctant to supply alternative legal theories when the Defendant has explicitly stated a different statutory basis for

---

[55] Dkt 316 at 5.

[56] *Id*. at 1, 6.

[57] *See* U.S.S.G. § 1B1.10(a)(2)(B).

[58] *United States v. Carrillo-Perez*, 670 Fed. App'x 658, 659 (10th Cir. 2016) (unpublished) (refusing to consider defendant's ineffective assistance of trial counsel argument because "a defendant cannot use a § 3582(c)(2) appeal to attack his original judgment"); *see also Dillon,* 560 U.S. at 825–27 (explaining the narrow scope of § 3582(c)(2) proceedings).

[59] Dkt 317 at 1.

requested relief. The court sees logic in the government's recommendation, but granting the request could have implications for any future § 2255 filing Washington may seek to pursue.[60] Therefore, the court declines the government's request.[61]

## CONCLUSION

For the reasons stated above, Washington's Motion to Modify Sentence Pursuant to 3582(C)(2)[62] is DISMISSED FOR LACK OF JURISDICTION.

SO ORDERED this 25th day of July, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[60] *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain… newly discovered evidence; . . . or a new rule of constitutional law.").

[61] The Government also evaluates the merits of the Motion under 18 U.S.C. § 3582(c)(1)(A), the statute for compassionate release. Dkt. 317 at 5. Although the Motion was docketed as a First Step Act motion, nothing in the Motion indicates Washington was seeking relief on those grounds so the court declines to undertake that analysis.

[62] Dkt 316.